Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| LIZBETH ADÁN PUENTES, KAREN DE LOS MILAGROS ADÁN PUENTES Y OTROS  Peticionarias    EX PARTE | TA2025CE00780 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Carolina  Caso Núm.: CA2021CV01868  Sobre: División o Liquidación de la Comunidad Hereditaria y Otros |
|---|---|---|

Panel integrado por su presidente, el Juez Bonilla Ortiz, el Juez Pagán Ocasio y la Jueza Martínez Cordero.

*Martínez Cordero, jueza ponente*

## RESOLUCIÓN

En San Juan, Puerto Rico, a 3 de diciembre de 2025.

Comparece Karen de los Milagros Adán Puentes (en adelante, peticionaria) mediante un recurso de *Certiorari* para solicitarnos la revisión de la *Resolución* emitida el 23 de septiembre de 2025, notificada el 24 de septiembre de 2025, por el Tribunal de Primera Instancia, Sala Superior de Carolina.[1]

Por los fundamentos que expondremos, se *deniega* la expedición del auto de *Certiorari.*

I

Esta es la *quinta* ocasión en que este Tribunal recibe un recurso apelativo en el caso del título, por lo que, incorporamos por referencia aquellos hechos procesales relatados en los dictámenes de los previamente atendidos y nos circunscribiremos al asunto atinente a la controversia de autos.[2]

---

[1] Sistema Unificado de Manejo y Administración de Casos del Tribunal de Primera Instancia (SUMAC TPI), a la Entrada Núm. 930.

[2] Los recursos que este Tribunal ha atendido son los siguientes: (i) KLAN202101065; (ii) KLCE202300519; (iii) KLCE202301335; y (iv) KLCE202401192.

Según se desprende de los autos, mediante *Resolución* emitida 9 de noviembre de 2022, notificada al día siguiente, el foro de instancia designó al contador público autorizado, el señor Eduardo R. Jiménez Viñas (CPA Jiménez Viñas) como administrador judicial y contador partidor en el caso de autos.[3]

Luego de varias incidencias procesales innecesarias pormenorizar, mediante *Resolución y orden* emitida y notificada el 2 de mayo de 2025,[4] el foro *a quo* ordenó al CPA Jiménez Viñas a (i) presentar un informe juramentado, los recibos y estados de cuentas bancarias que tuviese en su poder; (ii) incluir en su informe juramentado, los honorarios que fueron cobrados a su favor, conforme le había sido ordenado previamente; y (iii) se le impuso una sanción de $300.00 diarios desde el 25 de abril de 2025, hasta que cumpliese con lo ordenado. De igual forma, se dispuso que una vez cumpliese con lo ordenado, se le relevaría de sus funciones y se le requirió a los abogados de las partes a someter dos candidatos junto a su *curriculum vitae* para que el tribunal pudiese seleccionar un nuevo administrador judicial, salvo acuerdo sobre alguno en particular.

En desacuerdo, el 7 de mayo de 2025, las partes incoaron una *Moción conjunta en solicitud de remedio y/o reconsideración.*[5] En el pliego, solicitaron que, como parte del dictamen emitido, se le requiriera al CPA Jiménez Viñas a prestar una fianza de $200,000.00 dólares previo a que se le relevara de sus funciones.

De lo que sigue, el 8 de mayo de 2025, compareció el CPA Jiménez Viñas por conducto de un abogado mediante *Moción para asumir representación legal y en solicitud de término.*[6] El letrado solicitó autorización para ser admitido a la representación legal del

---

[3] SUMAC TPI, a la Entrada Núm. 108.
[4] *Íd.,* a la Entrada Núm. 880.
[5] *Íd.,* a la Entrada Núm. 882.
[6] *Íd.,* a la Entrada Núm. 883.

compareciente y término para exponer posición respecto a asuntos ante la atención del tribunal. En respuesta, el foro *a quo* admitió al representante legal, mantuvo la orden de sanciones emitida y le concedió término para expresarse en torno a la *Moción conjunta en solicitud de remedio y/o reconsideración.*

Por otro lado, el 12 de mayo de 2025, la señora Lizabeth Adán Puentes, la peticionaria y la señora Odette Adán Álvarez presentaron una *Moción conjunta [de] prórroga y otros extremos.*[7] En lo pertinente, solicitaron un término de treinta (30) días para cumplir con lo ordenado en la *Resolución y orden* del 2 de mayo de 2025, en lo relativo a poder someter al foro de instancia los candidatos para administrador judicial o llegar a acuerdos con la otra parte. En respuesta, mediante *Orden* emitida y notificada el 14 de mayo de 2025, el tribunal *a quo* concedió veinte (20) días para cumplir.[8]

Luego, el 19 de mayo de 2025, compareció el CPA Jiménez Viñas mediante *Moción en cumplimiento de orden, solicitud de reconsideración y oposición a la Moción conjunta en solicitud de remedio y/o reconsideración [SUMAC NÚM. 883].*[9] Adjuntó a su escrito un documento intitulado *Informe final juramentado del CPA Eduardo Jiménez-Viñas,* así como otros documentos.[10] En su pliego, solicitó que se diera por cumplida la *Resolución y orden* emitida y notificada el 2 de mayo de 2025, en lo relativo a la presentación del informe juramentado, los recibos y estados de cuentas bancarias que tuviese en su poder, así como la inclusión de los honorarios que fueron cobrados a su favor. Por otro lado, peticionó que se reconsiderara, relevara o se dejara sin efecto la sanción que le fue impuesta en el antedicho dictamen. Por último, solicitó que se denegara la *Moción conjunta en solicitud de remedio y/o*

---

[7] SUMAC TPI, a la Entrada Núm. 886.
[8] *Íd.,* a la Entrada Núm. 887.
[9] *Íd.,* a la Entrada Núm. 888.
[10] *Íd.,* Anejo 1 y subsiguientes.

*reconsideración* presentada por las partes el 7 de mayo de 2025; y que se le relevara de sus funciones como administrador judicial y contador partidor.

En respuesta, mediante *Orden* emitida el 19 de mayo de 2025, notificada al día siguiente, el tribunal de instancia concedió diez (10) días a las partes para expresarse en torno al referido escrito.[11] De ahí, el 30 de mayo de 2025, la señora Odette Adán Álvarez, Lizabeth Adán Puentes, Karen Adán Puentes, Jennifer E. Adán Puentes y el CPA Jiménez Viñas presentaron una *Moción conjunta informativa y en solicitud de término.*[12] En lo atinente, solicitaron término adicional para fijar posición en torno al informe final del CPA Jiménez Viñas. En respuesta, Mediante *Orden* emitida y notificada el 30 de mayo de 2025, el foro *a quo* concedió treinta (30) días para cumplir con lo previamente ordenado.[13]

Así las cosas, el 2 de junio de 2025, compareció la señora Jennifer Adán Puentes mediante *Moción en cumplimiento de orden.*[14] En su escrito propuso al abogado y contador público autorizado Juan L. Martínez Colón (CPA Juan L. Martínez Colón) para actuar como contador partidor, administrador judicial y/o comisionado de la sucesión Adán Puentes. En respuesta, mediante *Orden* emitida y notificada el 3 de junio de 2025, el tribunal de instancia tomó conocimiento, pero refirió a la parte a la *Orden* emitida el 30 de mayo de 2025, SUMAC TPI, a la Entrada 901.[15]

En desacuerdo, el 5 de junio de 2025, la señora Jennifer Adán Puentes incoó una *Moción de reconsideración.*[16] Solicitó se reconsiderara la *Orden* emitida y notificada el 3 de junio de 2025, tras razonar que los términos para cumplir con lo ordenado el 19 de

---

[11] SUMAC TPI, a la Entrada Núm. 890.
[12] *Íd.,* a la Entrada Núm. 900.
[13] *Íd.,* a la Entrada Núm. 901.
[14] *Íd.,* a la Entrada Núm. 903.
[15] *Íd.,* a la Entrada Núm. 904.
[16] *Íd.,* a la Entrada Núm. 905.

mayo de 2025, no se había prorrogado. En respuesta, mediante *Orden* emitida el 15 de junio de 2025, notificada al día siguiente, el tribunal inferior concedió quince (15) días a la parte demandante del título para expresarse.[17] En cumplimiento, el 27 de junio de 2025, la señora Lizbeth Adán Puentes, la señora Karen de los Milagros Adán Puentes y señora Odette Adán Álvarez incoaron una *Moción en cumplimiento de orden, r[é]plica a moci[ó]n de reconsideraci[ó]n y otros extremos.*[18]

Luego, el 30 de junio de 2025, ocurrieron varios eventos procesales que amerita reseñar. El *primero* fue que la señora Jennifer Adán Puentes y el CPA Jiménez Viñas presentaron una *Moción conjunta de cumplimiento con orden.*[19] En lo atinente, solicitaron que se diera por cumplida la *Orden* del 30 de mayo de 2025, respecto a los comparecientes.

El *segundo* evento fue que la señora Lizabeth Adán Puentes, la señora Karen de los Milagros Adán Puentes y la señora Odette Adán Álvarez presentaron una *Moción en torno a informe final, solicitud de orden, solicitud de vista y otros extremos.*[20] Objetaron el informe presentado por el CPA Jiménez Viñas y solicitaron que se le impusiera responsabilidad frente a la sucesión Adán Puentes. A tenor, se solicitó se abriera un descubrimiento de prueba sobre este asunto.

El *tercer* y último suceso fue que la señora Jennifer Adán Puentes interpuso una *Moción en cumplimiento con orden.*[21] El propósito de la misma fue para exponer su posición en torno al escrito presentado por el CPA Jiménez Viñas en el SUMAC TPI, a la Entrada Núm. 883.

---

[17] SUMAC TPI, a la Entrada Núm. 906.
[18] *Íd.,* a la Entrada Núm. 907.
[19] *Íd.,* a la Entrada Núm. 908.
[20] *Íd.,* a la Entrada Núm. 909.
[21] *Íd.,* a la Entrada Núm. 910.

Luego, el 1 de julio de 2025, el CPA Jiménez Viñas incoó una *Moción informativa y en solicitud de término*,[22] para exponer posición en torno a los escritos presentados en el SUMAC TPI 909 y 910. En respuesta, mediante *Orden* emitida el 17 de julio de 2025, notificada al día siguiente, el tribunal de instancia le concedió treinta (30) días.[23]

Por otro lado, el 17 de julio de 2025, la señora Lizabeth Adán Puentes, la señora Karen de los Milagros Adán Puentes y la señora Odette Adán Álvarez presentaron una *Réplica a Moción conjunta de cumplimiento con orden, solicitud de sanciones y otros extremos*.[24] Nuevamente solicitaron que se permitiera un descubrimiento de prueba para los asuntos relacionados al administrador judicial CPA Jiménez Viñas, así como la celebración de vistas para dirimir los alegados incumplimientos de este en su encomienda y para ventilar asuntos relacionados a su informe final.

De ahí, mediante *Orden* emitida el 17 de julio de 2025, notificada al día siguiente, el foro *a quo* dispuso que en torno a las controversias planteadas en los escritos presentados en el SUMAC TPI, a las Entradas 905, 907, 908, 909, 910, 914 y 917, no se permitirían escritos adicionales y se darían por sometidos una vez decursara el término concedido al CPA Jiménez Viñas para expresarse.[25]

Entonces, el 18 de agosto de 2025, compareció el CPA Jiménez Viñas mediante *Oposición a "Moción en torno a informe final, solicitud de orden, solicitud de vista y otros extremos" de las demandantes (SUMAC NÚM. 909); reacción a "moción en cumplimiento de orden" de la demandada (SUMAC NÚM. 910)*.[26]

---

[22] SUMAC TPI, a la Entrada Núm. 911.
[23] *Íd.,* a la Entrada Núm. 915.
[24] *Íd.,* a la Entrada Núm. 914.
[25] *Íd.,* a la Entrada Núm. 917.
[26] *Íd.,* a la Entrada Núm. 920.

Cónsono a lo advertido por el foro *a quo,* mediante *Orden* emitida y notificada el 18 de agosto de 2025, se dieron los asuntos por sometidos.[27]

Finalmente, el 23 de septiembre de 2025, el tribunal de instancia emitió la *Resolución y Orden* recurrida, la cual se notificó al día siguiente.[28] Mediante este dictamen, el foro de instancia (i) relevó al CPA Jiménez Viñas como administrador judicial, pero no lo eximió del pago de la fianza, la cual fue reducida a $5,000.00 dólares; (ii) denegó la solicitud de la parte demandante del título para realizar descubrimiento de prueba y celebración de vista en torno a la gestión del CPA Jiménez Viñas en este tipo de procedimiento; (iii) ordenó que el nuevo administrador judicial evaluara el informe final presentado por el CPA Jiménez Viñas, especialmente los asuntos relacionados con deudas, planillas y aspectos contributivos; (iv) concedió término a las partes para informar si aceptaban el nombramiento del CPA Juan L. Martínez Colón como nuevo administrador judicial o si preferían que lo nombrara el tribunal; y (v) declaró *No Ha Lugar* la solicitud de la parte demandante del título para impugnar el informe final del CPA Jiménez Viñas y otros remedios.

En el interín, el 26 de septiembre de 2025, la señora Lizabeth Adán Puentes y la señora Karen de los Milagros Adán Puentes incoaron una *Moción en torno a t[é]rmino,*[29] con la finalidad de que se le concediera un término adicional para cumplir con la *Resolución y orden* del 23 de septiembre de 2025. En respuesta, mediante *Orden* emitida el 29 de septiembre de 2025, notificada el 1 de octubre de 2025, el foro *a quo* concedió hasta el 10 de octubre de 2025.[30]

---

[27] SUMAC TPI, a la Entrada Núm. 921.
[28] *Íd.,* a la Entrada Núm. 930.
[29] *Íd.,* a la Entrada Núm. 931.
[30] *Íd.,* a la Entrada Núm. 932.

Por otro lado, el 7 de octubre de 2025, compareció el CPA Jiménez Viñas para acreditar haber obtenido la fianza ordenada, por la suma de $5,000.00 dólares.[31] Luego, el 8 de octubre de 2025, compareció la señora Lizabeth Adán Puentes, la señora Karen de los Milagros Adán Puentes y la señora Odette B. Adán Álvarez mediante *Moción en cumplimiento de orden,*[32] para expresar no tener objeción al nombramiento del CPA Juan Lorenzo Martínez Colón como administrador judicial de la sucesión Adán Puentes.

Así las cosas, el 9 de octubre de 2025, la señora Lizabeth Adán Puentes y la señora Karen de los Milagros Adán Puentes presentaron una *Moción de reconsideración.*[33] Adujeron, en síntesis, no tener reparo al relevo del nombramiento y de funciones al CPA Jiménez Viñas, no así de responsabilidad. A tenor, solicitaron que se señalara una vista evidenciaria para que las partes tuviesen la oportunidad de interrogar y confrontarlo con su gestión, gastos, cobros, pagos, etc.

Por su parte, el 9 de octubre de 2025, la señora Odette Adán Alvarez presentó una *Moción informativa sobre renuncia del administrador judicial.*[34] Acotó no tener reparo al relevo del CPA Jiménez Viñas y a que se designara en sustitución al CPA Juan L. Martínez Colón. Empero, solicitó que se señalara y celebrara una vista evidenciaria tal y cual peticionó la señora Lizabeth Adán Puentes y la señora Karen de los Milagros Adán Puentes en la solicitud de reconsideración.

En respuesta, mediante *Resolución y orden* emitida el 16 de octubre de 2025, notificada al día siguiente, el foro de instancia declaró *No Ha Lugar* la *Moción de reconsideración* interpuesta por la señora Lizabeth Adán Puentes y la señora Karen de los Milagros

---

[31] SUMAC TPI, a la Entrada Núm. 940.
[32] *Íd.*, a la Entrada Núm. 941.
[33] *Íd.,* a la Entrada Núm. 942.
[34] *Íd.,* a la Entrada Núm. 943.

Puentes.[35] A su vez, declaró *No Ha Lugar* la *Moción informativa sobre renuncia del administrador judicial* incoada por la señora Odette Adán Álvarez el 9 de octubre de 2025.

En desacuerdo, el 17 de noviembre de 2025, compareció la parte peticionaria mediante una *Petición de certiorari* en la cual esbozó la comisión de los siguientes tres (3) errores:

> PRIMER ERROR: ERR[Ó] EL TPI AL DECLARAR NO HA LUGAR LA MOCIÓN DE RECONSIDERACIÓN (ENTRADA 942) MEDIANTE RESOLUCIÓN Y ORDEN (952) EN LO QUE CONSIGUE CONCLUSIONES CONTRARIAS A DERECHO Y EN UNA RELACIÓN FÁCTICA TERGIVERSADA Y/O ERRÓNEA, CONFIRMANDO LA RESOLUCI[Ó]N Y ORDEN DE 24 DE SEPTIEMBRE DE 2025 (ENTRADA 930), INCIDIENDO ADEMÁS EN PREJUICIO, PARCIALIDAD O ERROR CRASO Y MANIFIESTO EN LA APRECIACIÓN DE LA PRUEBA.

> SEGUNDO ERROR: ERRÓ EL TPI AL RELEVAR AL ADMINISTRADOR JUDICIAL Y CONTADOR-PARTIDOR EDUARDO JIM[É]NEZ VIÑAS, NO EMPECE LAS OBJECIONES E IMPUGNACIONES DE LA PARTE DEMANDANTE-PETICIONARIA, CON RELACIÓN AL INFORME FINAL, NEGÁNDOSE A CELEBRAR VISTA EVIDENCIARIA, A TENOR CON LAS DISPO[SI]CIONES APLICABLES DEL C[Ó]DIGO DE ENJUICIAMIENTO CIVIL, APROBANDO PARCIALMENTE EL INFORME FINAL QUE FUERA OBJETADO E IMPUGNADO Y REFERIR PARCIALMENTE EL MISMO AL NUEVO ADMINISTRADOR JUDICIAL, CONTRARIO A DERECHO E INCIDIENDO ADEMÁS EN PREJUICIO, PARCIALIDAD O ERROR CRASO, Y MANIFIESTO EN LA APRECIACIÓN DE LA PRUEBA.

> TERCER ERROR: ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA MOCI[Ó]N DE RECONSIDERACI[Ó]N, PERPETUANDO ERRORES CRASOS, PASANDO POR ALTO TOTALMENTE EL HISTORIAL DEL CASO PROCESAL, PREVIO AL TRASLADO A LA SALA 401, INCIDIENDO ADEMÁS EN PREJUICIO, PARCIALIDAD O ERROR CRASO Y MANIFIESTO EN LA APRECIACIÓN DE LA PRUEBA.

Mediante *Resolución* emitida el 20 de noviembre de 2025, concedimos a la parte recurrida hasta el 26 de noviembre de 2025, para expresarse en torno al recurso. El 21 de noviembre de 2025, compareció la recurrida mediante una *Moción de desestimación por falta de jurisdicción.* En reacción, el 25 de noviembre de 2025, la

---

[35] SUMAC TPI, a la Entrada Núm. 952.

parte peticionaria presentó su oposición. De ahí, mediante *Resolución* emitida el 2 de diciembre de 2025, declaramos la solicitud de desestimación *No Ha lugar.* Habiendo quedado perfeccionado el recurso ante nos, procederemos a disponer del mismo.

II

### A. La Expedición del Recurso de *Certiorari*

El que recurso de *Certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior.[36] A diferencia del recurso de apelación, el auto de *Certiorari* es de carácter discrecional.[37] Esta discreción ha sido definida como "una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera".[38] Ahora bien, para determinar si procede la expedición de un recurso de *Certiorari* será indispensable que en el caso esté presente alguna de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[39] Estas son:

A. Si la situación de hechos planteada es la más indicada para el análisis del problema.

B. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

C. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

D. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

E. Si la expedición el auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

F. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[40]

---

[36] *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194, 207 (2023)*; 800 Ponce de León v. AIG,* 205 DPR 163, 174 (2020).

[37] *Rivera Figueroa v. Joes's European Shop*, 183 DPR 580, 596 (2011).

[38] *Mun. de Caguas v. JRO Construction, Inc.* 201 DPR 703, 712 (2019); *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013).

[39] *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a las págs. 59-60, 215 DPR __ (2025).

[40] *In re Aprob. Enmdas. Reglamento TA*, supra, a las págs. 59-60.

Por otra parte, el Tribunal Supremo de Puerto Rico ha establecido que un tribunal revisor no debe sustituir su criterio por el del foro de instancia, salvo cuando estén presentes circunstancias extraordinarias o indicios de pasión, prejuicio, parcialidad o error manifiesto.[41] Igualmente, al evaluar la procedencia del referido auto, debemos tener presente que el foro primario tiene amplia discreción para manejar los casos ante su consideración.[42] De manera que los Tribunales Apelativos no debemos pretender conducir ni manejar el trámite ordinario de los casos que atiende la primera instancia judicial. Ello, puesto que el foro primario es el que mejor conoce las particularidades del caso.[43]

III

En el presente caso, la parte peticionaria nos convida a concluir que el tribunal *a quo* incidió al emitir la *Orden* aquí recurrida y al denegar la moción de reconsideración presentada respecto a la misma. En suma, plantea que el foro primario falló en relevar al administrador judicial y contador-partidor, el señor Jiménez Viñas. Ello, particularmente, puesto a que, entre otras cosas, ignoró sus objeciones y no celebró una vista evidenciaría. Asimismo, arguye que dicha determinación se efectuó en contravención con el derecho aplicable, específicamente el Código de Enjuiciamiento Civil.[44]

Establecido lo anterior, precisa acentuar que, según expusimos previamente, un tribunal apelativo no intervendrá con el ejercicio de la discreción de los Tribunales de Primera Instancia, salvo que se demuestre que dicho tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de

---

[41] *Coop. Seguros Múltiples de P.R. v. Lugo,* 136 DPR 203, 208 (1994).
[42] *BPPR v. SLG Gómez-López,* 213 DPR 314, 334 (2023).
[43] *Mejías v. Carrasquillo,* 185 DPR 288, 306-307 (2012).
[44] Código de Enjuiciamiento Civil de Puerto Rico de 1933, 32 LPRA sec. 253 *et seq.*

cualquier norma procesal o de derecho sustantivo.[45] A esos efectos, la naturaleza discrecional del recurso de *Certiorari* queda enmarcada dentro de la normativa que le concede deferencia de las actuaciones de los Tribunales de Primera Instancia. Por otra parte, el auto solicitado tiene que anclarse en una de las razones de peso que establece la Regla 40 del Reglamento del Tribunal de Apelaciones.[46]

Tras haber evaluado detenidamente lo autos ante nuestra consideración, incluyendo la *Orden* objeto de revisión, así como el derecho aplicable, juzgamos que este recurso de *Certiorari* no satisface ninguno de los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para intervenir en el mismo.[47] En el recurso, se nos solicitó intervenir en una resolución interlocutoria en la cual el foro primario actuó dentro del ámbito de su discreción judicial. Por otra parte, no surge del expediente señal alguna de que el foro primario haya incurrido en arbitrariedad, prejuicio, ni en un craso abuso de discreción. Por el contrario, observamos que evaluó los planteamientos conforme a derecho y dentro de los parámetros que le son conferidos por ley. La decisión emitida por el tribunal recurrido no es una manifiestamente errónea.

Por otro lado, al evaluar la procedencia del referido auto, tuvimos presente que el tribunal *a quo* tiene amplia discreción para manejar los casos ante su consideración.[48] De manera que, según adelantamos, esta Curia no puede pretender conducir ni manejar el trámite ordinario de los casos que atiende el tribunal de instancia, quien es el que mejor conoce las particularidades del caso.[49] Es por todo lo antes expuesto, que hemos acordado abstenernos de intervenir.

---

[45] *Pueblo v. Irizarry,* supra, a las págs. 788–789.
[46] *In re Aprob. Enmdas. Reglamento TA,* supra, a las págs. 59-60.
[47] *Íd.*
[48] *BPPR v. SLG Gómez-López,* supra, a la pág. 334.
[49] *Mejías v. Carrasquillo,* supra, a las págs. 306-307.

Ahora bien, advertimos, que lo aquí resuelto no tiene efecto de juzgar o considerar en los méritos ninguna de las controversias de derecho planteadas por las partes. Es decir, la denegatoria de esta Curia a expedir un recurso de *Certiorari* no implica que el dictamen revisado esté libre de errores o que constituya una adjudicación en los méritos.[50] Esto es así, ya que, como es sabido, una resolución de denegatoria de un auto de *Certiorari* no implica posición alguna de este Tribunal respecto a los méritos de la causa sobre la cual trata dicho recurso.[51]

IV

Por los fundamentos que anteceden, se *deniega* la expedición del auto de *certiorari.*

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[50] *Cacho Pérez v. Hatton Gotay,* 195 DPR 1, 12 (2016).
[51] *SLG v. Pauneto Rivera,* 130 DPR 749, 755 (1992).